```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
|     Plaintiff | : |
| | : |
| | : |
| v. | :   CRIMINAL NO. 1:CR-98-135 |
| | : |
| | : |
| ERIC D. JOHNSON, | : |
|     Defendant | : |

*M E M O R A N D U M*

I.  *Introduction*.

Defendant, Eric D. Johnson, has filed a pro se motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence based on amendment 599 to the sentencing guidelines. Defendant also wants his resentencing to take into account *United States v. Booker*, 543 U.S. 229, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007).

We will deny the motion.

II.  *Background*.

In June 1998, Defendant was indicted. On September 29, 1998, a superseding four-count indictment was filed. Count I charged Defendant with forcibly assaulting and interfering on June 1, 1998, with federal marshals in the performance of their official duties in violation of 18 U.S.C. § 111. Count II charged him with distributing in excess of five grams of crack

cocaine from May 31, 1998, to June 5, 1998, in violation of 21 U.S.C. § 841. Count III charged him with using and carrying a firearm on June 1, 1998, in relation to a drug-trafficking crime and to a crime of violence, assault on a federal officer, in violation of 18 U.S.C. § 924(c)(1). Count IV charged him with knowingly making a false statement on June 5, 1998, to federal marshals that he had never had a gun, in violation of 18 U.S.C. § 1001.

In December 1998, a jury found Defendant guilty on all four counts. As pertinent here, part of Defendant's offence conduct was firing ten rounds from an handgun at seven federal agents. The agents were driving in two cars on a street in Harrisburg in the early morning hours, looking for fugitives. Defendant was apparently upset that their presence had interrupted one of his drug deals. The presentence report (PSR) gave Defendant an offense level of 32 and a criminal history category of III for a guideline range of 151 to 188 months.

The probation officer believed that, even with the mandatory, consecutive sixty-month sentence for the section 924(c)(1) offense, this range did not capture the seriousness of Defendant's conduct in shooting at seven individuals. He therefore recommended an upward departure from the guideline range by increasing the offense level to 34, giving Defendant a range of 188 months to 235 months. The probation officer also

noted that "[a] defendant who merely possessed, but did not discharge, a firearm would be in the same guideline range . . . ." ("Sentencing Recommendation," attached at the back of the PSR).

The two-level increase was based on U.S.S.G. § 5K2.6, a policy statement which authorizes upward departures for the use or possession of "Weapons and Dangerous Instrumentalities." It provides as follows:

> If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial sentence increase.

U.S.S.G. § 2A2.2(b)(2) was then used to quantify the increase in the offense level. Section 2A2.2(b)(2) permits a five-level increase in the offense level for aggravated assault when a firearm is discharged and a three-level increase when a firearm is brandished. The difference between these offense-level increases was used to increase Defendant's offense level to 34.

The court accepted the recommendation and noted it in the judgment of sentence at page 10. On March 30, 1999, Defendant was sentenced to 120 months on count I, 212 months on count II, and sixty months on count IV, to run concurrently.

Defendant was also sentenced to sixty months on count III, to run consecutively to the term on count II, as required by statute. Defendant's total sentence was 272 months.

Defendant took a direct appeal, raising various issues, including whether we should have made an upward departure. On October 7, 1999, the Third Circuit affirmed the conviction and sentence in an unpublished disposition, *United States v. Johnson*, No. 99-3267 (3d Cir. Oct. 7, 1999), noting that the upward departure was within our discretion. *Id.*, slip op. at 12.

III. *Discussion*.

Defendant claims he is entitled to a reduction in his sentence under Amendment 599 to the sentencing guidelines, which was made retroactive under U.S.S.G. § 1B1.10. For appropriate amendments, such reductions are authorized under 18 U.S.C. § 3582(c)(2).

Amendment 599, effective November 1, 2000, made a substantive change to application note 2 to U.S.S.G. § 2K2.4.[1] Section 2K2.4 deals with the guideline sentence for a section 924(c) offense. It sets the sentence at the term established by

---

[1] It now appears in application note 4.

4

statute.[2] Amendment 599 makes clear that when a defendant is convicted under section 924(c) for conduct related to an underlying offense, the sentence for the underlying offense cannot be enhanced by "any specific characteristic for possession, brandishing, use, or discharge of an explosive or firearm . . . ." U.S.S.G. § 2K2.4, application note 4. The rationale is that the sixty-month sentence for the section 924(c) conviction already takes into account the offense conduct for the firearm.

    In its response to the motion, the government argues that we need not reduce the sentence because Defendant was convicted under section 924(c)(1) as it read before the November 13, 1998, amendments that specified different terms of imprisonment for different uses of a firearm. *See* note 2. Hence, there was no double-counting here because we relied on U.S.S.G. § 5K2.6 to take into account conduct not reflected in the original sentencing calculation.

---

[2] At the time Defendant was sentenced, section 2K2.4 differed in a minor way by setting the sentence as the "minimum term of imprisonment required by statute." Amendment 598 changed the guideline to establish the sentence as that required by statute, partly as a result of the November 13, 1998, amendment to section 924(c)(1) specifying different terms of imprisonment, depending upon whether the firearm was: used, carried or possessed; brandished; or discharged. Before then, section 924(c) dealt solely with using or carrying a firearm.

We do not think the 1998 amendments to section 924(c)(1) have anything to do with Defendant's claim; the explanatory comments for Amendment 599 indicate that Amendment 599 was partially meant to correct erroneous interpretations of application note 2 as it then read. (See Guidelines Manual, Supplement to App. C). Nonetheless, we agree with the government that our reliance on section 5K2.6 renders Defendant's claim meritless.

We did not use Defendant's discharge of the gun at the seven federal agents to increase the offense level for the underlying offense. Instead, we used that offense conduct to make an upward departure in Defendant's guideline range under section 5K2.6, an independent basis for doing so. Hence, Defendant is not entitled to a reduction in his sentence by virtue of Amendment 599.

Since Defendant is not entitled to a reduction in his sentence under section 3582(c)(2), we cannot consider whether his sentence should be reduced under *Booker*, *supra*, or for his rehabilitation efforts while in prison. Federal courts have no inherent authority to modify a sentence at any time. *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003); *United States v. Smartt*, 129 F.3d 539 (10th Cir. 1997); *United States v. Bridges*, 116 F.3d 1110 (5th Cir. 1997); *United States v. Blackwell*, 81 F.3d 945 (10th Cir. 1996); *United States v. Abreu-*

*Cabrera*, 64 F.3d 67 (2d Cir. 1995); *United States v. Lopez*, 26 F.3d 512 (5th Cir. 1994).

We will issue an appropriate order.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge

Date: May 11, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
      Plaintiff
                                       :

      vs.                           : CRIMINAL NO.  1:CR-98-135

                                       :

ERIC D. JOHNSON,
      Defendant                   :

*O R D E R*

AND NOW, this 11th day of May, 2007, it is ordered that Defendant's motion (doc. 94) under 18 U.S.C. § 3582(c) to reduce his sentence is denied.

                                               <u>/s/William W. Caldwell</u>
                                               William W. Caldwell
                                             United States District Judge