```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | CRIMINAL NO. 1:CR-98-135 |
| | : | |
| ERIC D. JOHNSON, | : | |
|     Defendant | : | |

*M E M O R A N D U M*

I. *Introduction*

Defendant seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines. That amendment revised U.S.S.G. § 2D1.1(c), the Drug Quantity Table, by generally reducing the base offense level for crack cocaine offenses by two levels. Defendant filed two pro se motions for a reduction, and the Federal Public Defender has filed a counseled one on his behalf, and a supplemental one as well.

The government opposes a reduction on the ground that Defendant's offense of conviction and his institutional history indicate he would be a risk to public safety. Defendant's institutional history does give us pause, but we will grant the reduction nonetheless.

II.  *Background*

In December 1998, a jury found Defendant guilty of the following offenses: (1) Count I--forcibly assaulting and interfering on June 1, 1998, with federal marshals in the performance of their official duties, in violation of 18 U.S.C. § 111; (2) Count II--distributing in excess of five grams of crack cocaine from May 31, 1998, to June 5, 1998, in violation of 21 U.S.C. § 841; (3) Count III--using and carrying a firearm on June 1, 1998, in relation to a drug-trafficking crime and to a crime of violence, assault on a federal officer, in violation of 18 U.S.C. § 924(c)(1); and (4) Count IV--knowingly making a false statement on June 5, 1998, to federal marshals that he had never had a gun, in violation of 18 U.S.C. § 1001.

Part of Defendant's offense conduct was firing ten rounds from a handgun at seven federal agents. The agents were driving in two cars on a street in Harrisburg in the early morning hours, looking for fugitives. Defendant was apparently upset that their presence had interrupted one of his drug deals. See PSR ¶ 20 (opining that Defendant's "acts were 'spur-of-the-moment' that occurred in an angry response to an interrupted drug sale"). Defendant did not hit any of the officers or either of their cars. One bullet hit a parked car, and another hit a tree.

In calculating Defendant's guideline range, the presentence report (PSR) divided the counts into four groups. Defendant's offense level on group 2 (representing count II) was 32, based on a crack-cocaine quantity of 87.48 grams. This became his total offense level for calculating his guideline range. With an offense level of 32 and a criminal history category of III, Defendant had a guideline range of 151 to 188 months.

However, the probation officer believed that, even with the mandatory, consecutive sixty-month sentence for the section 924(c)(1) offense in count III, this range did not capture the seriousness of Defendant's conduct in shooting at seven federal law-enforcement personnel. Based on U.S.S.G. § 5K2.6, he therefore recommended an upward departure from the guideline range.

At sentencing, the court accepted the recommendation and increased the offense level on group 2 to 34, giving Defendant a range of 188 months to 235 months. On March 30, 1999, Defendant was sentenced to 120 months on count I, 212 months on count II,[1] and sixty months on count IV, to run concurrently. Defendant was also sentenced to sixty months on

---

[1] This is the middle of the 188-to-235-month range.

3

count III, to run consecutively to the term on count II, as required by statute. Defendant's total sentence was 272 months.

III.  *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). In deciding whether to reduce the sentence, or the extent of any reduction, the court must consider public safety. As application note 1(B)(ii) provides: "The Court shall consider the nature and seriousness of the

4

danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment . . . ." The court may also consider "post-sentencing conduct." Application note 1(B)(iii).

The court need not grant a section 3582(c)(2) motion, but rather has the discretion to do so. *See United States v. Hanlin*, 48 F.3d 121, 124 n.2 (3d Cir. 1995); *see also* Background Commentary to section 1B1.10 ("The listing of an amendment in subsection (c) reflects policy determinations by the Commission . . . that, in the sound discretion of the court, a reduction in the term of imprisonment may be appropriate . . . The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Turning to Defendant's motion, we first conclude Amendment 706 does have the effect of lowering his applicable guideline range. Under section 2D1.1(c), as amended by Amendment 706, Defendant's base offense level for his crack-cocaine quantity is reduced from 32 to 30. All other things being equal, this gives Defendant a guideline range of 121 to 151 months, before any upward departure under U.S.S.G. § 5K2.6 for shooting at the federal agents. Adding the two levels to the offense level for the upward departure gives Defendant an amended guideline range for count II of 151 to 188 months. A sentence at

the middle of this range would be 170 months, a reduction of forty-two months of incarceration.

However, as noted, we have to consider other factors before deciding that a reduction is proper, and the government opposes a sentence reduction based on public safety. It relies on the circumstances of Defendant's crime, arguing that his discharge of the firearm ten times at seven federal agents represents "a significant public safety risk." (Doc. 111, Govt.'s supplemental response ¶ 8). It also relies on Defendant's institutional history as indicating he is a threat to public safety. Defendant has had the following infractions while in prison. On August 4, 2001, he introduced drugs or drug items into the prison, assaulted without serious injury, and refused to obey an order. On September 23, 2001, he refused to obey an order. On October 16, 2002, he fought with another person. On March 16, 2003, and again on April 4, 2006, he was in possession of a dangerous weapon.

Defendant replies to this that he committed his offense with the firearm when he was a "young teenager" (Defendant was nineteen years old, but still a young man if not a "young teenager") and that after eleven years in prison he has bettered himself and has come to understand how victims are affected by the crimes committed against them. As for his institutional behavior, he points out that his last misconduct

was three years ago. Moreover, he has engaged in positive pursuits while in prison. He holds down two prison jobs, one of which involves teaching other inmates how to use a computer program that inmates will use to maintain e-mail contact with their families. He has also earned educational certificates.[2]

We will grant the request for a sentence reduction. The government's argument concerning public safety has some force, but we do not believe it is sufficient to establish that Defendant poses a threat to public safety. First, while the nature and circumstances of the offense, see 18 U.S.C. § 3553(a)(1), are certainly severe, it is more relevant that Defendant probably acted impulsively, as the PSR acknowledged at the time. In regard to the offense behavior, we also take into account under 18 U.S.C. § 3553(a)(1), as part of Defendant's history and characteristics, that he was nineteen years old at the time of the relevant conduct. Second, while Defendant has had five serious institutional infractions, his last one was

---

[2] These certificates include: Noncriminal Thinking USP Allenwood; Certification of Appreciation for Performance as Peer Counsel in the C.O.D.E. Program; Certification of Appreciation for Outstanding Service Tutor for the Education Department at USP Allenwood; Completion of the Orientation Phase of the C.O.D.E. Program; Blueprint Reading Training Program; Self Discipline and Emotional Control, Barber Workshop; Screenplay Writing; Strategic Management; Folk Arts of Spanish Southwest; The Victim Impact Program; Basketball Officiating Class of 2006; Mavis Beacon Typing I; ACE Spanish I; Acrylic Painting Class; ACE French Basic; Business of Music; Drug Education; First Responder (C.P.R. and Life Saving Course).

more than three years ago, in April 2006. Additionally, Defendant has participated in a number of prison educational programs.

Defendant requested a hearing on his motion and a resentencing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Booker* does not apply to this sentence-reduction motion, *United States v. Mateo*, 560 F.3d 152, 155-56 (3d Cir. 2009), and Defendant is not entitled to a hearing on the motion. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000)(citing Fed. R. Crim. P. 43(b)(4) which provides that a defendant's presence at a section 3582(c)(2) resentencing is not required); *United States v. Mackey*, No. 96-CR-135-01, 2008 WL 2018270, at *1 (W.D.N.C. May 6, 2008)(collecting cases).

As noted above, the sentence on count II was at the middle of Defendant's original guideline range. We will therefore impose a sentence on count II at the middle of his amended guideline range, 170 months. We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: May 27, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
    Plaintiff :
     :
     :
    vs. : CRIMINAL NO. 1:CR-98-00135
     :
ERIC D. JOHNSON
    Defendant :

*O R D E R*

AND NOW, this 27th day of May, 2009, it is ordered that:

    1. Defendant's motions (doc. 106, 108 and 109) under 18 U.S.C. § 3582(c)(2), and his supplemental motion (doc. 112) under 18 U.S.C. § 3582(c)(2) for reduction in sentence are granted as follows.

    2. Pursuant to 18 U.S.C. § 3582(c)(2), Defendant's previously imposed sentence of 212 months on count II, imposed on March 30, 1999, is reduced to a sentence of 170 months.

    3. Except as provided herein, all provisions of the judgment of March 30, 1999, shall remain in effect.

                           /s/William W. Caldwell
                           William W. Caldwell
                           United States District Judge